SYLVIA SUFFIN, Appellant, v. M. BINKOVITZ & SONS, INC., MORRIS BINKOVITZ, REUBEN BINKOVITZ and CARL BINKOVITZ, Respondents.— Action in equity to procure a judgment that respondent Reuben Binkovitz is the true owner of certain corporate stock, and for other relief. Judgment dismissing the complaint, after a trial of the issues by the court, without a jury, unanimously affirmed, without costs. (*Boyd* v. *Boyd*, 252 N. Y. 422, 429.) Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

BARTHOLDI TURECAMO, Respondent, v. MAURICE FRANKEL and FRANK FRANKEL, Appellants.— In an action to recover damages for fraud, an order was made directing that defendants be examined before trial. In a prior action between the same parties, this court reversed an interlocutory judgment in favor of plaintiff and dismissed the complaint. (*Turecamo* v. *Frankel*, 251 App. Div. 897; affd., 278 N. Y. 557.) In that action we made new findings, wherein it was found *inter alia*, that the syndicate, of which plaintiff was a member and defendants were syndicate managers, bought only stocks and bonds of the Warner-Quinlan Company and that they made only purchases of such securities and not sales thereof; that the defendants fully accounted to the plaintiff and all other members of the syndicate on October 29, 1929, for all acts and transactions done by them as syndicate managers; and that defendants also, in 1930, for a second time fully accounted to plaintiff for all their acts and transactions as syndicate managers. In view of the above findings and the other findings made in the prior action, it was an improvident exercise of discretion to grant plaintiff's motion for an examination of defendants before trial. Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.

RUDOLPH ZAJIC, Respondent, v. JOSEPH ZAJIC, Appellant.— In an action to dissolve a partnership and for an accounting, an interlocutory judgment was directed in favor of plaintiff. Interlocutory judgment modified by inserting after the word " had " in the second ordering paragraph of the interlocutory judgment, the words " by plaintiff and defendant; " and further by inserting a provision that the counterclaim be dismissed. As thus modified, the interlocutory judgment is unanimously affirmed, without costs. Under the facts disclosed by this record it is necessary that both parties account. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. The appeal from the decision is dismissed. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ. Settle order on notice.

▮▮▮▮▮▮▮

## (February 7, 1940.)

MARY A. CORBETT, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

ELIZABETH GILLIES, Respondent, v. MEADOWBROOK BUILDERS, INC., Appellant. — Motion for leave to appeal to the Appellate Division denied, without costs, for failure to comply with rule VII, Rules of the Appellate Term. (See App. Div., Second Dept., Rules, rule XXVI.) Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ,